**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DMITRIY VICTOROVICH FELDMAN, | : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 1:07-CV-1694-RWS : |
| ALBERTO GONZALES, Attorney General, et al, | : : : |
| Defendants. | : |

**ORDER**

This case comes before the Court on Plaintiff's Petition for a Hearing on Naturalization [1] and Defendants' Motion to Remand [5].  After reviewing the entire record, the Court enters the following Order.

**Background**

Plaintiff Dmitriy Victorovich Feldman, a Russian citizen and permanent United States resident, brought this action pursuant to Section 336(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b), requesting that this Court either adjudicate his long pending application for naturalization or compel the Office of the United States Citizenship and Immigration Services

("USCIS") to adjudicate his application within sixty days. Plaintiff also requests mandamus relief pursuant to 8 U.S.C. § 1329, 28 U.S.C. § 1331, and 28 U.S.C. § 1361. Plaintiff sues both USCIS officials charged under law to adjudicate his application for naturalization and FBI officials charged under law to conduct background and fingerprint checks to be used in determining eligibility for naturalization.

Plaintiff filed his Form N-400 Application for Naturalization on March 23, 2004. Plaintiff was interviewed by the USCIS on May 19, 2005. According to his Complaint, the officer who interviewed Plaintiff stated that Plaintiff had passed the requisite educational testing. Moreover, the record reflects that USCIS has completed Plaintiff's fingerprint check and Interagency Border Inspection System ("IBIS") check. (DeBoe Decl. [5-3] ¶¶ 7-8.) Thus, all that apparently remains for completion of the investigation of Plaintiff's application is the FBI name and criminal background check, which the record reflects was initiated on April 7, 2004.[1] (Id. ¶ 6.)

---

[1] The record does not contain any detail concerning the nature or status of the FBI name and background check in this action.

Plaintiff filed this action on July 20, 2007, over two years after Plaintiff's interview. Defendants have since moved to remand this action. For the reasons that follow, the Court agrees to remand this action to the USCIS with the instruction that it expeditiously adjudicate Plaintiff's application upon obtaining the results of the FBI background check. The Court also directs the USCIS to report back to this Court within ninety (90) days of the entry of this Order concerning the progress of its adjudication and the status of the FBI background check.

**Discussion**

**I.     Review Under 8 U.S.C. § 1447(b).**

The USCIS, acting on behalf of the Attorney General, has the primary authority to adjudicate applications to naturalize persons as citizens of the United States. 8 U.S.C. § 1421(a); Homeland Security Act of 2002, Pub. L. No. 107-296, § 1512(d), 116 Stat. 2135, 2310. Typically, after receiving an application for naturalization, the USCIS conducts an investigation of the applicant by performing fingerprinting, name, and other criminal and personal background checks. 8 U.S.C. § 1446. Among other things, the USCIS conducts its own Interagency Border Inspection System ("IBIS") search, and

requests that the FBI conduct fingerprinting analysis and a name and background check using databases which may contain information that is not necessarily revealed by the IBIS search.  Then, the USCIS personally interviews the applicant, before finally rendering a decision on his or her application.  Id.  By regulation, the USCIS is supposed to wait until the completion of the FBI's background investigation to interview the applicant.  8 C.F.R. § 335.2(b) (stating that the USCIS "will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application *only after* the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed") (emphasis added).  This rule was promulgated for good reason: once the USCIS conducts an interview, it must render a decision within 120 days, lest it lose jurisdiction over the application to a federal district court.  8 U.S.C. § 1447(b); see United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) (en banc).

Section 336(b) of the INA authorizes an applicant to file an action in district court upon the passage of 120 days after the interview.  8 U.S.C. §

1447(b).[2]  The district court must exercise jurisdiction over such an action and either "determine the matter or remand the matter, with appropriate instructions" to the USCIS.  Id.; Alji v. Gonzales, 500 F.3d 432, 438-39 (5th Cir. 2007) (holding that district court erred in not assuming jurisdiction in case where over 120 days since interview had passed).

Defendants do not contest the Court's jurisdiction over the instant action.  Plaintiff's interview was conducted well over 120 days prior to the filing of this action, and thus jurisdiction has vested under 8 U.S.C. § 1447(b).  See Walji, 500 F.3d at 438-39.  This Court must therefore decide whether to adjudicate the application itself or remand the matter with appropriate instructions to the USCIS.  Id.; 8 U.S.C. § 1447(b).

---

[2] 8 U.S.C. § 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Id.

5

Although the Eleventh Circuit has not spoken to this issue, the Court has been made aware of three decisions within this district involving similar circumstances and awarding relief under 8 U.S.C. § 1447(b). All favored remand with instructions. See Khiereddine v. Melville, No. 1:06-CV-1239-TCB (N.D. Ga. Jan. 4, 2007) (Batton, J.); Elshorbagi v. Melville, No. 1:05-CV-1926-GET (N.D. Ga. May 19, 2006) (Tidwell, J.); Al-Hawwari v. Chertoff, No. 1:05-CV-1823-RLV (N.D. Ga. Jun. 6, 2006) (Vinings, J.).

In both Kkiereddine and Elshorbagi, the plaintiffs were interviewed by the USCIS over two-and-a-half years prior to bringing their respective actions. During the pendency of their actions, the FBI completed its name and background check, and thus each plaintiff's file appeared complete for adjudication by the USCIS. Khiereddine, No. 1:06-CV-1239-TCB, at *2; Elshorbagi, No. 1:05-CV-1926-GET, at *4. On these facts, Judge Batton in Khiereddine and Judge Tidwell in Elshorbagi remanded the applications to the USCIS with instructions to adjudicate them within 90 days. Khiereddine, No. 1:06-CV-1239-TCB, at *6; Elshorbagi, No. 1:05-CV-1926-GET, at *7.

In Al-Hawwari, over two years also had passed since the plaintiff's interview. But there, unlike in Khiereddine and Elshorbagi, the FBI had *not* yet

6

completed its name and background check of the plaintiff by the time the Court issued its order. Al-Hawwari, No. 1:05-CV-1823-RLV, at *11. Noting that Congress now requires the USCIS to complete an FBI criminal background investigation on each application for citizenship, Judge Vinings concluded that the USCIS "had no authority to adjudicate [the plaintiff's] naturalization application" until the FBI completed its background check.[3] Id. Since the "FBI

---

[3] Judge Vinings also noted that the USCIS would have likely avoided litigation by heeding its own regulations and scheduling the interview *after* the FBI completed its background check:

> While the court is cognizant of the security real[i]ties in a post-9/11 world cited by the defendants and the complexity of background checks, the court concludes that [USCIS] could have avoided this whole procedural predicament and the plaintiff's suit, if [USCIS] had simply followed its own policies and procedures. 8 C.F.R. § 335.2(b) requires the agency to wait until the FBI check is completed prior to notifying an applicant to appear for his initial examination. In this case, 8 C.F.R. § 335.2(b) was not followed. Non-compliance with this Regulation resulted in both a waste of time and judicial resources and justifiably confused the plaintiff as to the status of his naturalization application.

Al-Hawwari, No. 1:05-CV-1823-RLV, at *12 n.10.

In a recent decision, the Fifth Circuit was faced with a similarly avoidable procedural predicament, and noted the same:

> [B]ecause there is currently no required period of time for [USCIS] to conduct the initial interview, CIS could avoid the jurisdiction of the courts by following its own order of events. As a practical matter, this may yet result in long waiting times for applicants. Nevertheless, because the clear intent of Congress was to accelerate naturalization applications, and the statutory and regulatory language gives a definite time frame for

7

background check is a vital piece of the information that both this court and [the USCIS] need to make a determination on the plaintiff's naturalization application," Judge Vinings remanded the matter to the USCIS with the instruction that it "expeditiously reach a determination on Plaintiff's application upon the FBI's completion of the plaintiff's background check" and report back to the court within ninety days concerning whether the application had been adjudicated, and if not, the status of the FBI background check. Id. at *12-13.

In this case, like in Al-Hawwari, the FBI has not yet completed its name and background check of Mr. Feldman. While the Court is mindful of Mr. Feldman's justifiable frustration concerning the now over three-and-a-half year delay of the adjudication of his naturalization application, neither this Court nor the USCIS is able to adjudicate Plaintiff's application without the appropriate

---

> decision once an examination has occurred, the statute is violated in situations [where the USCIS conducts an interview but then does not adjudicate an application within 120 days]. That the [USCIS] failed to follow its own protocol in the instant case does not provide support for the Government's statutory interpretation [that the 120 days encapsulates not only the interview, but the entire process of gathering information upon which to consider the application].

Walji, 500 F.3d at 439 (citations and footnotes omitted).

AO 72A
(Rev.8/82)

FBI background check results.[4]  Accordingly, Plaintiff's application for naturalization is hereby **REMANDED** to USCIS pursuant to U.S.C. § 1447(b) **WITH INSTRUCTIONS** that the USCIS expeditiously reach a determination on Plaintiff's application upon the FBI's completion of Plaintiff's name and background check.  To ensure that Plaintiff's naturalization application is expeditiously processed, Defendants are **DIRECTED** to provide the Court with a status report concerning Plaintiff's naturalization application within ninety (90) days of the entry of this Order.  If the application has not been adjudicated, Defendants are **DIRECTED** to provide a report concerning the status of the FBI background check.

## II.     Plaintiff's Request for Mandamus Relief

Plaintiff also sues FBI Director Robert S. Mueller, III, and FBI Records Management Division Section Chief Michael A. Cannon to compel these officials to complete his name and background check.  Although Plaintiff requests that this Court order the FBI to complete the check within 60 days,

---

[4] The USCIS is precluded from using funds to adjudicate an application for naturalization unless the INS "has recieved confirmation from the [FBI] that a full criminal background check has been completed. . . ." Elshorbagi, No. 1:05-CV-1926-GET, at *6 (quoting FY 1998 Appropriations Act, Pub. L. No. 105-119, 111 Stat. 2440, 2448-49 (Nov. 26, 1997)).

9

Plaintiff cites no federal law or regulation which requires the FBI to act within a specific time to complete a name and background check.  Both Judge Vinings and the Fifth Circuit have recognized that the 120-day time requirement applies only to the USCIS—and is only triggered once the USCIS itself decides to interview an applicant.  Walji, 500 F.3d at 439 (citations and footnotes omitted); Al-Hawwari, No. 1:05-CV-1823-RLV, at *12 n.10.  That the USCIS has "failed to follow its own protocol in this case"—by not waiting to interview Plaintiff until receiving the results of the name and background check from the FBI—does not operate to impose a time deadline on the FBI not previously in existence.

That being said, the FBI is under the general obligation to complete matters presented to it within a reasonable time.  See 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it...."); see also Belegradek v. Gonzales, No. 1:07-CV-0589-RWS, 2007 WL 3091078, at *2-3 (N.D. Ga. Oct. 18, 2007).

Because the record contains no evidence or argument concerning whether the three-and-a-half year pendency of the background check on Plaintiff is

10

reasonable, the Court is not presently able to determine whether mandamus relief should issue.  In light of the Court's decision to remand Plaintiff's application for naturalization to the USCIS, however, the Court **STAYS** its disposition of Plaintiff's mandamus action until Defendants comply with the aforementioned directives or at the conclusion of the ninety-day period, whichever comes first.  If, at the conclusion of the ninety day period, no decision on Plaintiff's naturalization is issued, the Court will go forward with considering the issues related to Plaintiff's mandamus action.

## Conclusion

For the foregoing reasons, Plaintiff's Petition for a Hearing on Naturalization [1] is hereby **GRANTED in part and DENIED in part**.  Defendants' Motion to Remand [5] is hereby **GRANTED in part and DENIED in part**.  Plaintiff's application for naturalization is **REMANDED** to the USCIS pursuant to U.S.C. § 1447(b) **WITH INSTRUCTIONS** that the USCIS expeditiously reach a determination on Plaintiff's application upon the FBI's completion of Plaintiff's name and background check.  To ensure that Plaintiff's naturalization application is expeditiously processed, USCIS is **DIRECTED** to provide the Court with a status report concerning Plaintiff's

naturalization application within ninety (90) days of the entry of this Order. If the application has not been adjudicated, Defendants are **DIRECTED** to provide a report concerning the status of the FBI background check.

The remainder of this action, in which Plaintiff seeks mandamus relief against Defendants compelling them to conduct the remainder of Plaintiff's name and background check and otherwise complete his file, is **STAYED** until further Order of this Court.

**SO ORDERED** this __14th__ day of November, 2007.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE