**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DMITRIY VICTOROVICH FELDMAN, A071-306-026, : :  :  Plaintiff, : :  v. : :  ALBERTO GONZALES, U.S. Attorney General, et al., : :  Defendants. : | CIVIL ACTION NO. 1:07-CV-1694-RWS |

**ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Costs and Attorney's Fees Under the Equal Access to Judgment Act [13]. Plaintiff brought this action pursuant to § 336(b) of the Immigration and Nationality Act, 8 U.S.C. § 1447(b), requesting that this Court either adjudicate his long-pending application for naturalization or compel the Office of the United States Citizenship and Immigration Services ("USCIS") to adjudicate his application within sixty (60) days. Plaintiff also sought mandamus relief pursuant to 8 U.S.C. § 1329, 28 U.S.C. § 1331, and 28 U.S.C. § 1361. On November 14, 2007, the Court entered an Order [8] remanding Plaintiff's application to the USCIS with instructions that the USCIS expeditiously reach a

determination on Plaintiff's Application for Naturalization upon the completion by the F.B.I. of Plaintiff's name and background check.  The USCIS was also directed to provide the Court with a status report concerning Plaintiff's naturalization application within ninety (90) days of the entry of the Order. Before the 90 days expired, Plaintiff's Application for Naturalization was approved.  On January 28, 2008, the Court entered an Order [11] dismissing the action with prejudice.

In his present Motion, Plaintiff seeks costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") contending that he is the prevailing party.

The EAJA provides for an award of fees and costs as follows:

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in Section 1920 of this Title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. . . .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds

2

> that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(a)(1) and (d)(1)(A).  A "prevailing party" is "one who has been awarded some relief by the Court."  <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. Of Health and Human Resources</u>, 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L.Ed. 2d 855 (2001).  A plaintiff "must receive at least some relief on the merits of his claim before he can be said to prevail."  <u>Id.</u> at 603-604 (citation omitted).  However, the "catalyst theory" will not support a finding of "prevailing party."  <u>Id.</u> At 605.  The "catalyst theory" "allows an award where there is no judicially sanctioned change in the legal relationship of the parties."  <u>Id.</u>  "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."  <u>Id.</u>

In the present case, Plaintiff's claim for attorney's fees is supported, at most, under the "catalyst theory."   Plaintiff obtained no enforceable judgment on the merits or court-ordered change in the legal relationship of the parties.  Prior to the filing of the action, the USCIS had not acted on Plaintiff's application because it was awaiting a report from the FBI.  The Court's Order did not alter the position of the USCIS.  Rather, the Order contemplated that the

3

USCIS would not act on the application until completion of the name and background check by the FBI. To the extent that the Court's Order served as a catalyst to move Plaintiff's application along, such is insufficient to classify Plaintiff as a "prevailing party."

Therefore, Plaintiff's Motion for Costs and Attorney's Fees Under the Equal Access to Judgment Act [13] is **DENIED**.

**SO ORDERED**, this   2nd   day of April, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4